UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MERCHANT CASH & CAPITAL, LLC,

                  Plaintiff,

- against -

HAUTE SOCIETY FASHION, INC., AND
CATHERINE CHO,

                  Defendants.
------------------------------------------------------x

MEMORANDUM AND ORDER

16-CV-2696 (ILG)

GLASSER, Senior United States District Judge:

On May 27, 2016 Plaintiff Merchant Cash & Capital, LLC ("Merchant") commenced this diversity action against Haute Society Fashion, Inc. ("Haute Society") and its owner, Catherine Cho (collectively, "Defendants"), bringing claims for breach of contract and breach of guaranty. Upon Defendants' failure to appear or otherwise respond to the Complaint, Plaintiff requested, and the Clerk of the Court entered, a certificate of default. Plaintiff now moves the Court to enter default judgment against Defendants, jointly and severally, for $296,440, plus interest at a statutory rate from April 26, 2016 and attorneys' fees and costs. For the reasons stated herein, Plaintiff's motion is GRANTED.

## FACTUAL BACKGROUND

Plaintiff Merchant is a Delaware limited liability corporation transacting business in New York. ECF 1 ("Compl.") ¶ 1. Defendant Haute Society Fashion ("Haute Society") is a California corporation with a principal place of business in Los Angeles, CA. Defendant Catherine Cho is the owner of Haute Society and a California resident. Id. ¶ 2-3.

On October 6, 2015 and March 28, 2016, Haute Society and Merchant entered into written agreements for the sale by Haute Society and purchase by Merchant of a percentage of

Haute Society's future revenue. Id. ¶ 7; Compl. Exhs. A, B (the "Agreements.") In total, Merchant agreed to pay Haute Society $350,000 for $451,500 in future revenue. See Agreements. Pursuant to the Agreements, Haute Society and Merchant further agreed to the following: Haute Society would deposit funds into a designated bank account, wherefrom Merchant would initiate electronic check or automated clearinghouse (ACH) payments on each business day until it obtained the purchased amount of future revenue. The designated bank account was to remain open until "the entire Purchased amount" was received by Merchant. Compl. Exh. A. at p. 10 ¶ I. Catherine Cho signed in her personal capacity a subsection of the agreements entitled "Personal Guarantee of Contractual Terms." Compl. ¶ 18; Compl. Exh. A.

In partial fulfillment of the Agreements, Haute Society made payments to Merchant totaling $155,060. Compl. ¶ 11. Sometime after April 25, 2016, Haute Society ceased depositing funds in the designated bank and closed the account. Id. ¶ 10. To date $296,440 of the $451,500 remains unpaid. Id. ¶ 11.

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action seeking to recover the outstanding balance of $296,440 as well as reasonable attorneys' fees. The Summons and Complaint were served on Defendant Haute Society via personal service on a designated agent on June 13th, 2016. ECF 8-1. On September 26, 2016, the Summons and Complaint were served on Defendant Cho via personal service at her home. ECF 8-2. Plaintiff requested entry of a certificate of default on March 7, 2017, which was entered by the Clerk of Court on March 10, 2017. Also on March 10, 2017, Plaintiff filed its motion for default judgment and served the motion on Defendants via first class mail. ECF 13-3. Defendants have not appeared in this action, nor have they opposed or otherwise responded to the motion for default.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. Rule 55(a) provides that first, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). Local Rule 55.1 further requires demonstration that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person, that the party has failed to defend the action, and that the pleading to which no response has been made was properly served. Plaintiff complied with these requirements, and the Clerk of the Court duly noted Defendants' default. Entry of default constitutes an admission of all well-pleaded factual allegations in the complaint, and allegations as they pertain to liability are deemed true. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir.1997). Following entry of default, a Plaintiff then moves for a default judgment, and it "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks omitted).

## DISCUSSION

### I. Choice of Law Provision

The Agreements include choice-of-law provisions designating the laws of the State of New York to govern "all controversies, disputes and claims arising from or relating to [the Agreements], including all claims sounding in contract or tort." Compl. Exh. A, B, at p. 5. A federal court sitting in New York must apply New York's choice of law rules when its jurisdiction is based on diversity." Med. Research Assocs., P.C. v. Medcon Fin. Servs., 253 F.Supp.2d 643, 647 (S.D.N.Y. 2003). "New York law is clear in cases involving a contract with

an express choice-of-law provision: Absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir.2000). As such, the Court notes the parties' election of New York law, and Merchant's transacting business from its office in New York, and applies New York law.

## II. Claims of Breach of Contract as to Defendant Haute Society

Under New York law, a prima facie case for breach of contract requires the plaintiff to show the following: (1) the existence of a contract; (2) the breach of the contract by the defendant; and (3) damages suffered as a result of that breach. Nat'l Mkt. Share, Inc., v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir.2004) (citation omitted). Here, Merchant pleads sufficient facts to establish Haute Society's breach of contract. First, there was a contract between Merchant and Haute Society. Compl. ¶ 7; Compl. Exhs. A, B. The Agreements required Haute Society to maintain a designated bank account, and to pay Merchant a total of $451,500 in future revenue over time. Haute Society breached the contracts when it closed the designated bank account and failed to pay the full amount due. Finally, Merchant suffered damages as a result of the breach, being the unpaid balance on the contracts. Compl. ¶¶ 10-12. Therefore, Haute Society is liable for its breach of contract, and the motion for default judgment on those claims is GRANTED.

## III. Claim of Breach of Guaranty as to Defendant Cho

A prima facie case for breach of guaranty requires plaintiff to establish (1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt. Myers Indus., Inc. v. Schoeller Arca Sys., Inc., 171 F. Supp. 3d 107, 121 (S.D.N.Y. 2016) (citation omitted). Merchant alleges that Defendant Cho is liable for the unpaid sum in that

4

she "personally and unconditionally guaranteed that Haute Society . . . would perform its obligations under the Agreements . . . including making the requisite payments thereunder." Compl. ¶ 18. A section in the Agreements titled "Personal Guarantee of Contractual Terms," establishes that Defendant Cho "personally guarantee[d]" (1) that Haute Society provided true and accurate information in connection with the transaction, (2) that Haute Society "shall not close the [designated] bank account or cease to use the bank account," and (3) Haute Society "shall not breach, nor do any of the acts prohibited by, Section 3.1 of this agreement." [1] Compl. Exh. A. at p 2. This personal guarantee amounts to a guarantee of Haute Society's performance—and payment—under the Agreements.

Although the Agreements do not contain an explicit guarantee of payment as such, it would be challenging to prescribe some other meaningful purpose the Guaranty was intended to serve. The lacuna is exquisitely explained by Judge Cardozo in Wood v. Lucy, Lady Duff-Gordon, "[a] promise may be lacking, and yet the whole writing may be instinct with an obligation, imperfectly expressed." 222 N.Y. 88, 91, 118 N.E. 214 (1917) (Cardozo, J) (internal quotation marks and citation omitted). The decision in Prof'l Merch. Advance Capital, LLC v. McEachern No. 13-CV-7323 (JS) (SIL), 2015 WL 8665447 (E.D.N.Y. Dec. 11, 2015) is illustrative. In that case, plaintiff Professional Merchant ("PM") entered into an agreement with Florence Hospital wherein PM provided the hospital with $400,000 and, in exchange, the

---

[1] Section 3.1 provides that Haute Society shall: "(i) exclusively use the Bank Account for the deposit of all Future Sales Proceeds; (ii) not close the Bank Account . . . (iii) not breach or default the deposit agreement with the Bank maintaining the Bank Account; (iv) not amend or terminate any ACH authorization; (v) not change or permit the change of the Bank . . . (vi) not change the account name, password, or other access information . . . (vii) not sell, dispose, convey or otherwise transfer its business . . . without the express prior written consent of the Buyer . . . (viii) not sell, dispose, convey or otherwise transfer any of its Future Sale Proceeds . . . (ix) not grant any security interest or lien upon its Future Sale Proceeds, accounts receivable or other assets; (x) not incur any debt, except . . . in the ordinary course of business . . . ; (xi) not divert any cash, checks, electronic payments, or other Future Sale Proceeds in any manner or to any person, location or account other than the Bank account; and (xii) not commit fraud."

5

hospital would provide PM with weekly payments totaling $555,600 over time. In addition, defendant McEachern signed a guarantee stating: "Personal Guaranty of Performance. The undersigned Guarantor(s) hereby guarantees . . . [Florence Hospital's] performance of all of the . . . covenants made by [Florence Hospital]" in the contract. Id. at *2. Florence Hospital defaulted on its payments, and PM sued McEachern for breach of his guaranty. In analyzing whether McEachern was personally liable for the unpaid sum, the court noted the guarantee contract did not "spell out that [McEachern] must repay the balance of Florence Hospital's debt to Plaintiff," however, McEachern did personally guarantee Florence Hospital's performance of the contract, and "the most important covenant . . . was to repay the money it borrowed. Thus, by guaranteeing Florence Hospital's performance, [McEachern] obligated himself to repay . . . if Florence Hospital defaulted." Id.

Defendant Cho's personal guarantee of performance—and thereby payment—drives the Court to the same result here, and the motion for a default judgment on the breach of guaranty claim is GRANTED.

**IV. Damages**

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Here, Plaintiff alleges that Haute Society paid a total of $155,060, leaving $296,440 as yet unpaid, and submits copies of the Agreements as the basis for the requested damages. Compl. ¶ 11. The damages amount is readily apparent and computable from the Agreements and the Complaint, and judgment is hereby entered against the Defendants in the amount of $296,440.

6

In addition, under New York law, a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest. See N.Y. CPLR § 5001. Prejudgment interest is computed from "the earliest ascertainable date the cause of action existed." N.Y. CPLR §§ 5001(b). The court will award prejudgment interest at a rate of nine percent per annum, unless the parties contracted for a different rate. See E*Trade Fin. Corp. v. Deutsche Bank AG, 374 Fed.Appx. 119, 123 (2d Cir. 2010) (citation omitted); N.Y. CPLR § 5004. As such, prejudgment interest is entered at a rate of nine percent per annum from April 26, 2016.

## V. Request for Attorneys' Fees

Plaintiff requests attorneys' fees in the amount of $1,665.00. ECF 13-1 ¶ 6. Paragraph 5.7 of the Agreements provides that Defendants shall be liable for "the payment of all costs and expenses of every kind for the enforcement of [Merchant's] rights and remedies hereunder and/or the collection of amounts due to [Merchant] hereunder, including attorneys' fees and costs . . . in connection with any Breach." Compl. Exh. A. p. 6. Plaintiff's fee request is reasonable, and hereby GRANTED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED, and default judgment is entered against Defendants Haute Society and Catherine Cho in the amount of $296,440 plus statutory interest and attorneys' costs and fees.

SO ORDERED.

Dated:      Brooklyn, New York
               July 5, 2017

                                            /s/
                                         I. Leo Glasser